**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4878

ERIC WILSON LEE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-214-A)

Submitted: May 26, 1998

Decided: June 23, 1998

Before ERVIN, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

John Kenneth Zwerling, Joel B. Simberg, ZWERLING & KEMLER,
P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, W. Neil Hammerstrom, Jr., Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Eric Wilson Lee appeals imposition of a 210-month sentence following his guilty plea pursuant to a plea agreement to conspiracy to distribute crack cocaine. Because we find that Lee knowingly waived his appellate rights in a voluntary plea agreement, we dismiss this appeal.

Lee does not dispute that his plea agreement stated that "the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) . . . on any ground whatever, in exchange for the concessions made by the United States in this plea agreement." Nor has Lee asserted any claim that his guilty plea was unknowing or involuntary. The court conducted a thorough hearing under Fed. R. Crim. P. 11 and specifically noted that Lee was waiving his right to appeal his sentence. The court eventually sentenced Lee at the bottom of his guidelines range.

Nonetheless, the sentencing court stated at the sentencing hearing that it "relieved" Lee of that part of the plea agreement with the Government which "bound [him] not to appeal his sentence." The court overruled the Government's objection to this action. We vacate the district court's order "relieving" Lee of the waiver of appellate review portion of his plea agreement and dismiss the appeal.

There is no provision in Fed. R. Crim. P. 11 for a court to modify a plea agreement. When parties reach a plea agreement, the court "may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." Fed. R. Crim. P. 11(e)(2). Once the court has accepted a plea agreement, it is generally bound by the terms of that agreement. See United States v. Ritsema, 89 F.3d 392, 399 (7th Cir. 1996) (citations omitted). Though some courts have recognized that approval of a plea agreement might later be rescinded based on the defendant's fraud upon the court, see id. at 400, we have no such allegation in this case. A defendant may, as part of his plea agreement, validly waive his right to appeal his guidelines sentence

2

if such waiver is knowing and intelligent. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995).

It is undisputed that the waiver of appellate rights in Lee's plea agreement is valid. Once the district court accepted the plea agreement, it was without authority to modify it. We therefore vacate the district court's order "relieving" Lee of his appellate waiver and dismiss this appeal pursuant to the terms of his plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3